UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES AGRUE | ) | CASE NO. 05-36070 |
| Debtor | ) | |
| | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Court's Order for Stuart McLean and We the People to show cause why he should not be enjoined from filing further petitions or other papers in this Court for engaging in the unauthorized practice of law. Following a hearing held October 18, 2005, the matter was submitted. Based upon the testimony at that hearing, the Court finds that Stuart McLean and We the People engaged in the unauthorized practice of law and Stuart McLean and We the People are permanently enjoined from continuing to engage in the unauthorized practice of law in any future cases that he may prepare in this District. An Order accompanies this Memorandum-Opinion.

## FACTS

Debtor James Agrue went to Stuart McLean and We the People for assistance in filing a Chapter 7 Bankruptcy Petition. Initially, Debtor was not aware that he was not dealing with a lawyer or a law firm. He was told, however, that Stuart McLean and We the People could not give him legal advice.

Debtor testified that McLean determined for him what debts were to be listed as secured and unsecured on his Petition. McLean and We the People also decided which of his creditors were to

be listed on Schedule F of his Petition, the List of Unsecured Creditors. Debtor acknowledged that he did not know the difference between a secured and unsecured debt.

Debtor also testified that Stuart McLean and We the People determined what property was to be listed on his Petition as exempt. Debtor has never read any of the exemption statutes nor has he ever conducted any type of legal research on exemptions, nor could he determine which of the exemption statutes applied to his case. Stuart McLean and We the People decided what property was to be listed on Schedule C of the Debtor's Petition.

## **LEGAL ANALYSIS**

This Court previously determined that Stuart McLean and We the People had committed two violations of 11 U.S.C. §110 in preparing Debtor's Chapter 7 Petition. The Court now finds that Stuart McLean and We the People engaged in the unauthorized practice of law in connection with the preparation of Debtor's Petition.

Section 110(k) of Title 11 makes clear that Section 110 does not permit activities that would be considered the unauthorized practice under state law. The unauthorized practice of law by a bankruptcy petition preparer may constitute a fraudulent, unfair or deceptive act within the context of 11 U.S.C. §110(i)(1). See, In re Moffett, 263 B.R. 805, 812 (Bankr. W.D. Ky. 2001).

In Moffett, this Court considered what constitutes the unauthorized practice of law in Kentucky. The Court relied on In re Lyvers, 179 B.R. 837, 840 (Bankr. W.D. Ky. 1995), Kentucky Supreme Court Rule 3.020 (defining the practice of law) and Hobson v. Kentucky Trust Co. of Louisville, 303 Ky. 193, 197 S.W.2d 454, 460 (Ky. 1946), overruled on other grounds (stating that the practice of law includes advice given to clients in preparation of legal instruments, where the work requires a consideration of the legal effects of the facts and conclusions by a trained legal

2

mind.)  Clearly, advising clients about exemptions and determining how a client's debts should be classified constitutes the unauthorized practice of law.  See, Moffett, 263 B.R. at 814.

As the Moffett Opinion stated, a petition preparer "is only authorized to type information exactly as provided by potential debtors, without any assistance from [the petition preparer] regarding exemptions."  Id.  Stuart McLean and We the People engaged in the unauthorized practice of law in preparing Debtor's Chapter 7 Petition.

The Court enjoins Stuart McLean and We the People pursuant to Section 110(j)(2)(A) from continuing to engage in the unauthorized practice of law which constitutes fraudulent, unfair and deceptive conduct as set forth herein and as outlined in In re Moffett in any future filings in this District.

## **CONCLUSION**

For all of the above reasons, the Court determines that Stuart McLean and We the People engaged in the unauthorized practice of law in connection with the preparation of Debtor James Agrue's Chapter 7 Petition.  Stuart McLean and We the People are permanently enjoined from continuing to engage in the unauthorized practice of law in any future filings in this District.

**UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES AGRUE | ) | CASE NO. 05-36070 |
| Debtor | ) | |
| | ) | |

## **ORDER**

Pursuant to the Memorandum-Opinion issued this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Stuart McLean and We the People are permanently enjoined from continuing to engage in the unauthorized practice of law with respect to any future filings in this District.